**Liani J. Reeves, OSB No. 013904**
lreeves@bullardlaw.com
**Kalia Walker, OSB No. 154434**
kwalker@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

Attorneys for Defendants University of Oregon and Yue Fang

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **DR. YONGLI ZHANG,** | Case No. 6:18-cv-00232 |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **UNIVERSITY OF OREGON, and YUE FANG,** | |
| Defendants. | |

In answer to Plaintiff's complaint, the University of Oregon ("University" or "UO") and Yue Fang ("Professor Fang")(collectively "Defendants") respond as follows, including the following general statement which is necessary to correct misstatements in the narrative of Plaintiff's complaint:

The grant of faculty tenure is essentially a grant of lifetime employment by a university.  Therefore, universities like the University of Oregon have well established

Page 1    **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

and exacting standards that a candidate *must* meet in order to be awarded indefinite tenure.  To be awarded indefinite tenure at the UO, at the time of application for tenure, the candidate must have a record that already demonstrates excellence in three areas: research, teaching, and service.  Failure to meet the expectations in any one of these areas will cause a candidate to be denied indefinite tenure.  Typically candidates must prove that they should receive indefinite tenure within five years of the date they start at the University.  Plaintiff was evaluated for tenure after six years at the University. He had spent his first year as a Visiting Professor before being awarded a tenure track position. Despite those six years, Plaintiff's research productivity was lacking, having published only two articles in journals considered as premiere for his field of statistics. While Plaintiff was found sufficient in the areas of teaching and service, he failed to meet the standards for research at UO and was therefore denied indefinite tenure.

Plaintiff blames his denial of tenure on Professor Yue Fang. Plaintiff and Professor Fang are both statisticians and both of Chinese national origin.  Plaintiff's allegations of race and national origin discrimination against Professor Fang based on their shared Asian race and national origin are completely without merit and do not warrant comment other than stating they are denied. But just as misguided is Plaintiff's assertion that Professor Fang could improperly influence the ultimate outcome of Plaintiff's tenure application.  The tenure process consists of multiple levels of review, each of which provides an independent assessment and recommendation on tenure. Professor Fang participated in the first level of review at the Department level, as one of three faculty members who reviewed Plaintiff's application and unanimously determined that Plaintiff's research productivity failed to meet tenure standards. Professor Fang had no input or influence over any other level of review, including the

Page 2   **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Department Head, the Business College Personnel Committee, the Business College Dean, the University Faculty Personnel Committee, and the University Provost who serves as the ultimate decision maker on tenure.  The Provost ultimately reviewed Plaintiff's tenure application and found what Professor Fang and numerous others had also found—that Plaintiff failed to meet the standards for research that would warrant an award of indefinite tenure.

Plaintiff's claims in this lawsuit are without merit.  Accordingly Defendants admit, deny, and allege as follows:

1.      Defendants admit that Paragraph 1 characterizes the nature of Plaintiff's action, the claims he brings, and the damages and relief sought, but deny any basis for such claims or recovery of any damages.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that this Court has federal question jurisdiction over Plaintiff's claims arising under federal law under 28 U.S.C. § 1331 but deny any basis for such claims. Defendants acknowledge that the Court could choose to invoke supplemental jurisdiction over some or all of the state law claims that Plaintiff purports to bring in this case but deny any basis for such claims.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") on or about October 2, 2017. Defendants further admit that BOLI issued a right to sue letter on or about January 2, 2018. Defendants further admit that the Equal Employment Opportunity Commission ("EEOC") mailed a right to sue letter on or about February 6, 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

Page 3   **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

4.      Defendants admit that Defendant University of Oregon is headquartered in the state of Oregon and that Defendant Fang resides in Oregon. The rest of Paragraph 4 contains a legal conclusion to which no response is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that venue is proper in the District of Oregon as the alleged claims arose in Oregon but deny any basis for such claims. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 6 but admit that Plaintiff represents that he is a Chinese American who was born in China and immigrated to the United States when he was 27.  Except as expressly admitted, Defendants deny the allegations in Paragraph 6.

7.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 7 but admit that Plaintiff represents that he speaks English with a Chinese accent.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 8 but admit that Plaintiff represents that he obtained a Bachelor of Science degree in Management Science from the University of Science and Technology of China in 1996.  Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9.       Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 9 but admit that Plaintiff represents that he moved to the United States and in 2003 and obtained a Masters of Science in Statistics from Ohio State University.  Except as expressly admitted, Defendants deny the allegations in

Page 4   **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Paragraph 9.

10. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 10 but admit that Plaintiff represents that he obtained a PhD in Statistics from the University of Minnesota in 2007. Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

11. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 11 but admit that Plaintiff represents that he specializes in statistics with a focus on big data. Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the Department of Operations and Business Analytics ("OBA") is a current department within the Lundquist College of Business ("LCB" or "College"), which was formerly called the Department of Decision Sciences. Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15. Defendants admit that Dr. Sergio Koreisha served as the chair of the Decision Sciences/OBA Department at the time of Plaintiff's tenure application. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit that Defendant Fang is Asian American and of Chinese national origin. Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. In response to the allegations in Paragraph 19, Defendants admit,

deny and allege as follows: Defendant Fang was one of three tenured faculty members in the OBA Department who comprised the Department Faculty Review Committee that reviewed Plaintiff's tenure application at the Department level. Except as expressly admitted, Defendants deny the allegations in Paragraph 19.

20.    In response to the allegations in Paragraph 20, Defendants admit, deny and allege as follows: Defendant Fang was one of the three tenured faculty members in the OBA Department who comprised the Department Faculty Review Committee that reviewed Plaintiff's tenure application at the Department level. Defendant Fang was the only member who specialized in statistics on the OBA Department Faculty Review Committee. Except as expressly admitted, Defendants deny the allegations in Paragraph 20.

21.    In response to the allegations in Paragraph 21, Defendants admit, deny and allege as follows: Plaintiff was offered a one-year appointment as a Visiting Assistant Professor of Decision Sciences within the LCB for the summer 2009 term and the 2009-2010 academic year. Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22.    In response to the allegations in Paragraph 22, Defendants admit, deny and allege as follows: In June 2009, Plaintiff was offered a tenure-track position as an Assistant Professor of Decision Sciences within the LCB. Plaintiff was provided an initial three-year appointment starting September 2010 with a mid-term review of Plaintiff's performance and recommendation regarding an extension of Plaintiff's contract to be conducted in the third year. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.    In response to the allegations in Paragraph 23, Defendants admit,

Page 6    **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

deny and allege as follows:  In Plaintiff's third year, Plaintiff's mid-term performance towards tenure was reviewed.  Due to his lack of research productivity, Plaintiff was found that his performance was not sufficient to award a second three-year contract. Instead, Plaintiff was awarded only a one-year contract renewal.  In 2014, Plaintiff's performance was evaluated and because he had shown progress in research productivity in the preceding year, he was provided a two-year contract renewal with the expectation that he would be evaluated for tenure in the 2015-2016 academic year.  Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.    In response to the allegations in Paragraph 24, Defendants admit, deny and allege as follows: The contents of Plaintiff's two year reappointment letter speak for themselves.  Further, there was never any guarantee that Plaintiff would be awarded tenure at the end of two years.  Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

25.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 25 as Defendants are not privy to the communications between Plaintiff and the *Journal of Business and Economic Statistics* and therefore deny the allegations.

26.    In response to the allegations in Paragraph 26, Defendants admit that Plaintiff's research paper on High Dimensional Data Analysis was not selected by the *Journal of the American Statistical Association* for publication.  Except as expressly admitted, Defendants deny the allegations in Paragraph 26.

27.    In response to the allegations in Paragraph 27, Defendants admit that Plaintiff's paper on Cross-Validation for Procedure Selection was published in the *Journal of Econometrics* in or around July 2015. Except as expressly admitted,

Page 7    **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Defendants deny the allegations in Paragraph 27.

28.     In response to the allegations in Paragraph 28, Defendants admit, deny and allege as follows:  The *Journal of Business and Economic Statistics* and the *Journal of Econometrics* were both considered by the review committees as premiere applied statistics journals.  The OBA Department Review Committee considered both top general and applied statistics journals as premiere level publications.  The quality of Plaintiff's publication record was not at issue; the issue was the quantity.  Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

29.     In response to the allegations in Paragraph 29, Defendants admit, deny and allege as follows:  The *Journal of Business and Economic Statistics* and the *Journal of Econometrics* were both considered by the review committees as premiere applied statistics journals.  The quality of Plaintiff's publication record was not at issue; the issue was the quantity.  Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30.     In response to the allegations in Paragraph 30, Defendants admit, deny and allege as follows:  The LCB's policy on "Workload, Summer Support, and Research Accounts for Tenure Track Tenure" lists the *Journal of Business and Economic Statistics* and the *Journal of Econometrics* as "A Journals for purposes of assessing workload."  As noted above, Defendants admit that both journals were considered by the review committees as premiere applied statistics journals.  The quality of Plaintiff's publication record was not at issue; the issue was the quantity.  Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.     In response to the allegations in Paragraph 31, Defendants admit, deny and allege as follows:  Defendants admit that Plaintiff was one of two professors

who were awarded a Goulet Outstanding Research Award in 2015 based on a research record achieved in that particular academic year. Except as expressly admitted, Defendants deny the allegations in Paragraph 31.

32.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore deny the allegations.

33.     In response to the allegations in Paragraph 33, Defendants admit, deny and allege as follows: At the time of Plaintiff's application for tenure, he represented that he had five publications accepted in academic journals, including two in premiere applied statistics journals, two in well regarded statistics journals, and one article in a newly-established data science journal. He also had two papers under first round review; one working paper being readied for submission to a premier general statistics journal, and seven projects that were labeled "research in progress," the majority of which had not advanced to the state of having a working manuscript. Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34, Defendants admit, deny and allege as follows: Defendants admit that Plaintiff submitted his tenure application for review in July 2015. At that time, he had eight years since completing his PhD and six years at the University of Oregon in which time he could have prepared a research portfolio to support his tenure application. Except as expressly admitted, Defendants deny the allegations in Paragraph 34.

35.     In response to the allegations in Paragraph 35, Defendants admit that Defendant Fang successfully obtained his tenure status at the University of Oregon in 2002. Except as expressly admitted, Defendants deny the allegations in Paragraph 35.

Page 9    **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

5509/15 00881832 V 1

36.    In response to the allegations in Paragraph 36, Defendants admit, deny and allege as follows:  Since successfully obtaining tenure in 2002, Defendant Fang has not applied for a promotion to full professor.  Except as expressly admitted, Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations contained in Paragraph 37.

38.    Defendants deny the allegations contained in Paragraph 38.

39.    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40.

41.    Defendants deny the allegations contained in Paragraph 41.

42.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore deny the allegations.

43.    Defendants deny the allegations contained in Paragraph 43.

44.    Defendants deny the allegations contained in Paragraph 44.

45.    Defendants deny the allegations contained in Paragraph 45.

46.    Defendants deny the allegations contained in Paragraph 46.

47.    Defendants deny the allegations contained in Paragraph 47.

48.    Defendants deny the allegations contained in Paragraph 48. Defendants do not know to which paper Plaintiff refers and Defendant Fang did not attempt to "compel" Plaintiff to add him as a co-author of any paper.

49.    Defendants deny the allegations contained in Paragraph 49.

50.    Defendants deny the allegations contained in Paragraph 50.

51.    In response to the allegations in Paragraph 51, Defendants admit, deny and allege as follows:  As part of the UO's tenure review process, a minimum of five substantive reviews by external reviewers, preferably from comparable institutions to

Page 10 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

the UO (for example, at AAU institutions) and who are respected leaders in the candidate's disciplinary field, is required to move a tenure file forward. Except as expressly admitted, Defendants deny the allegations in Paragraph 51.

52.    In response to the allegations in Paragraph 52, Defendants admit, deny and allege as follows:  After a candidate's dossier is completed, which includes the minimum number of external reviews, the candidate's Department conducts an internal review of the tenure file. The Department Review Committee consists of all of the tenured members of the Department who are available to serve. The Department Review Committee provides a report and recommendation about whether the candidate should be awarded indefinite tenure based on a thorough review of the candidate's entire dossier.  Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

53.    In response to the allegations in Paragraph 53, Defendants admit, deny and allege as follows:  Following completion of the Department Review Committee's report and recommendation, the candidate's Department Head conducts an independent review of the candidate's entire dossier and prepares an independent, separate report and recommendation that is sent to the Dean of the School or College. The Department Head's report and recommendation may agree or disagree with the Department Review Committee's recommendation.  Except as expressly admitted, Defendants deny the allegations in Paragraph 53.

54.    In response to the allegations in Paragraph 54, Defendants admit, deny and allege as follows:  The Dean conducts his/her own thorough review of the dossier for completeness and compliance, and then releases the file to the School or College Personnel Committee, in this case the LCB College Personnel Committee. The College Personnel Committee thoroughly reviews the candidate's tenure dossier and

Page 11  **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

issues an independent, separate report and recommendation of whether a candidate should be awarded indefinite tenure. The College Personnel Committee's recommendation may agree or disagree with the recommendations of the Department Review Committee and/or the Department Head. Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

55.    In response to the allegations in Paragraph 55, Defendants admit, deny and allege as follows:  The Dean of the College conducts an independent review of the candidate's dossier and previous reports and recommendations and then issues a separate and independent report and recommendation of whether a candidate should be awarded indefinite tenure.  The Dean may agree or disagree with the recommendations of the Department Review Committee, the Department Head, and/or the College Personnel Committee.  Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

56.    In response to the allegations in Paragraph 56, Defendants admit, deny and allege as follows:  After the Dean's review, the Dean meets with the candidate and discusses the Dean's recommendation.  Candidates are allowed ten days after meeting with the Dean to provide a written response to the Dean's recommendation. A candidate may also withdraw a tenure application from further consideration.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57.    In response to the allegations in Paragraph 57, Defendants admit, deny and allege as follows:  After the Dean's review and recommendation, the University Provost conducts his/her own thorough review of the dossier for completeness and compliance, and then releases the file to the University-level Faculty Personnel Committee ("FPC").  Except as expressly admitted, Defendants deny the allegations in

Page 12 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Paragraph 57.

58.     In response to the allegations in Paragraph 58, Defendants admit, deny and allege as follows:  The FPC is an elected standing committee of the University of Oregon Senate.  The FPC is responsible for the final, independent written report and recommendation in the promotion and/or tenure process for every candidate for promotion and/or tenure.  The FPC may agree or disagree with the recommendations of the Department Review Committee, the Department Head, the College Personnel Committee, and/or the College Dean.   Following the discussion and completion of the voting record of the FPC report, the Chair of the FPC provides the record, report, and recommendation to the Office of Academic Affairs, which then finalizes the dossier and presents it to the Provost for analysis and decision.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59.     In response to the allegations in Paragraph 59, Defendants admit, deny and allege as follows:  The University Provost has plenary authority to award or deny tenure. The Provost's decision is independent and separate and is based on a thorough review of the entire underlying record.  The Provost may agree or disagree with the recommendations of the Department Review Committee, the Department Head, the College Personnel Committee, the College Dean, and/or the FPC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

60.     In response to the allegations in Paragraph 60, Defendants admit, deny and allege as follows:  Plaintiff's tenure process included the reviews by seven external reviewers; an OBA Department Review Committee review which consisted of tenured faculty of Plaintiff's Department; a review by Plaintiff's Department Head; a review by the College Personnel Committee; a review by the College Dean; a review by

Page 13  **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

the University FPC; and a final decision by the Provost.  Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

61.    In response to the allegations in Paragraph 61, Defendants admit, deny and allege as follows:  The OBA Department Review Committee consisted of all of the tenured faculty members of Plaintiff's Department, excluding the Department Head and Professor Michael Pangburn who instead served on the College Personnel Committee.  Defendant Fang and Plaintiff's Department Head Dr. Sergio Koreisha are statisticians. The other two tenured faculty members, Nagesh Murthy and Zhibin Yang, are not statisticians.  Except as expressly admitted, Defendants deny the allegations in Paragraph 61.

62.    In response to the allegations in Paragraph 62, Defendants admit, deny and allege as follows:  The seven external reviewers were all statisticians.  Five of them were from Mathematics/Statistics departments, one was from an Economics Department, and only one was from a business school.  Except as expressly admitted, Defendants deny the allegations in Paragraph 62.

63.    In response to the allegations in Paragraph 63, Defendants admit, deny and allege as follows: In order to ensure a thorough and objective review of Plaintiff's tenure application which demonstrated a lack of research productivity, the Department Review Committee conducted a review of the publication record for eight assistant professors or recently promoted associate professors in statistics at business schools.  This type of analysis has been used in other OBA Department reviews.  In order to ensure a thorough and objective review of Plaintiff's tenure application which demonstrated a lack of research productivity, the LCB College Personnel Committee also conducted an analysis of fourteen comparators, six of whom were employed in a

Page 14  **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

business school.  This type of analysis has been used in other LCB College Personnel Committee reviews.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations contained in Paragraph 64.

65.    Defendants deny the allegations contained in Paragraph 65.

66.    In response to the allegations in Paragraph 66, Defendants admit, deny and allege as follows: Prior to Plaintiff's tenure process, the OBA Department Chair Dr. Koreisha shared concerns about whether Plaintiff's research portfolio was sufficient for the awarding of indefinite tenure.  Plaintiff chose to proceed with his tenure application.  Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.    In response to the allegations in Paragraph 67, Defendants admit, deny and allege as follows:  On June 26, 2015, Plaintiff submitted a written waiver of his rights under ORS 351.065 to access the evaluative materials submitted by all referees in conjunction with his promotion review. Consistent with Plaintiff's waiver, Dr. Koreisha did not provide Plaintiff information on the external reviews conducted in conjunction with his tenure process.  Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

68.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 68 and therefore deny the allegations.

69.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 69 and therefore deny the allegations.

70.    In response to the allegations in Paragraph 70, Defendants admit, deny and allege as follows:  The Department Review Committee which consisted of

Page 15  **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

tenured members of the OBA Department, of which Defendant Fang was one of three, unanimously recommended that Plaintiff's tenure application did not meet the standards for promotion and indefinite tenure with the College. Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.    In response to the allegations in Paragraph 71, Defendants admit, deny and allege as follows:  The contents of the OBA Department's Review Committee letter speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 71.

72.    In response to the allegations in Paragraph 72, Defendants admit, deny and allege as follows:  The OBA Department Review Committee unanimously recommended that Plaintiff's tenure application did not meet the standards for promotion and indefinite tenure with the College due to the quantity of his research. This recommendation was based on a thorough review of the candidate's entire dossier, including letters from outside reviewers.  Requests were sent to ten outsider reviewers, seven were returned, four of whom were proposed by the candidate.  Only three of the letters were from AAU universities and only one reviewer was affiliated with a business school. Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.    In response to the allegations in Paragraph 73, Defendants admit, deny and allege as follows: The contents of the OBA Department's Review Committee letter speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations contained in Paragraph 74.

75.    In response to the allegations in Paragraph 75, Defendants admit, deny and allege as follows: Other than Plaintiff, there were four other tenure cases in the

OBA Department in the past five years. Those four applicants all had at least three premiere level publications at the time they applied for tenure.  Three of them were awarded tenure; one was rejected.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     In response to the allegations in Paragraph 76, Defendants admit, deny and allege as follows: The contents of the OBA Department's Review Committee letter speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 76.

77.     In response to the allegations in Paragraph 77, Defendants admit, deny and allege as follows: The contents of the OBA Department's Review Committee letter speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 78 and therefore deny the allegations.

79.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 79 and therefore deny the allegations.

80.     In response to the allegations in Paragraph 80, Defendants admit, deny and allege as follows: The contents of Plaintiff's two year reappointment letter speak for themselves.  Further, there was never any guarantee that Plaintiff would be awarded tenure at the end of two years.  Except as expressly admitted, Defendants deny the allegations in Paragraph 80.

81.     In response to the allegations in Paragraph 81, Defendants admit, deny and allege as follows:  The *Journal of Business and Economic Statistics* was considered to be a premiere applied statistics journal by the OBA Department Review

Page 17  **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Committee.  The quality of Plaintiff's publication was not at issue; the issue was the quantity.  Except as express admitted, Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations contained in Paragraph 82.

83.    Defendants deny the allegations contained in Paragraph 83.

84.    Defendants deny the allegations contained in Paragraph 84.

85.    Defendants deny the allegations contained in Paragraph 85.

86.    Defendants deny the allegations contained in Paragraph 86.

87.    Defendants deny the allegations contained in Paragraph 87.

88.    Defendants admit the allegations contained in Paragraph 88.

89.    Defendants deny the allegations contained in Paragraph 89.

90.    Defendants deny the allegations contained in Paragraph 90.

91.    Defendants admit the allegations contained in Paragraph 91.

92.    Defendants admit the allegations contained in Paragraph 92.

93.    Defendants deny the allegations contained in Paragraph 93.

94.    Defendants deny the allegations contained in Paragraph 94.

95.    In response to the allegations in Paragraph 95, Defendants admit, deny and allege as follows: Dr. Mike Pangburn, a member of the College Personnel Committee, verified with a reputable statistician the ratings of the journals that Plaintiff had published in and reported that "two of the journals [Plaintiff] has published in are indeed considered by some as legitimate A's."  This was consistent with the OBA Department Review Committee's analysis that two of the journals in which Plaintiff published were to be considered by the Committee as premier applied statistics journals.  Except as expressly admitted, Defendants deny the allegations in Paragraph 95.

Page 18 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

96.     Defendants deny the allegations contained in Paragraph 96.

97.     Defendants deny the allegations contained in Paragraph 97.

98.     In response to the allegations in Paragraph 98, Defendants admit, deny and allege as follows: The College Personnel Committee requested additional information from the Departmental Review Committee about how the individuals in the Department's cohort analysis were selected.  Professor Murthy provided the College Personnel Committee with the requested information.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations contained in Paragraph 99.

100.    Defendants deny the allegations contained in Paragraph 100.

101.    In response to the allegations in Paragraph 101, Defendants admit, deny and allege as follows: The College Personnel Committee reached an independent conclusion regarding Plaintiff's research and came to the consensus that Plaintiff's research output had been of high quality, but had not been particularly productive or impactful.  The College Personnel Committee unanimously concluded that the Plaintiff did not meet the standard in the category of research for promotion and the award of indefinite tenure.  Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102.    In response to the allegations in Paragraph 102, Defendants admit, deny and allege as follows: On February 5, 2016, Jim Terborg, the Interim Dean of the LCB, after reviewing Plaintiff's dossier and preceding reports from the Department Review Committee, the Department Head, and the LCB Personnel Committee, found that Plaintiff failed to meet the research requirements and recommended that Plaintiff be denied promotion to associate professor with indefinite tenure.  Except as expressly

Page 19 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

admitted, Defendants deny the allegations in Paragraph 102.

103.    In response to the allegations in Paragraph 103, Defendants admit, deny and allege as follows: The University-level FPC reviewed Plaintiff's dossier and the preceding reports and recommendations from the Department Review Committee, the Department Head, the LCB Personnel Committee, and the LCB Interim Dean Terborg. Of the 11 professors who participated in reviewing Plaintiff's case, one voted "strong yes," three voted "yes," three voted "weak yes," one voted "no," two abstained from voting, and one was excused.  Except as expressly admitted, Defendants deny the allegations in Paragraph 103.

104.    In response to the allegations in Paragraph 104, Defendants admit, deny and allege as follows: On or about May 4, 2016, after carefully reviewing Plaintiff's dossier and all of the underlying reports and recommendations from the Department Review Committee, the Department Head, the LCB Personnel Committee, the LCB Dean, and the University-level FPC, Provost Scott Coltrane made the independent decision to deny Plaintiff's application for promotion and indefinite tenure because Plaintiff had not presented a portfolio that would support the awarding of indefinite tenure.  Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

105.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 105 and therefore deny the allegations.

106.    In response to the allegations in Paragraph 106, Defendants admit, deny and allege as follows: The contents of the FPC's report speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 106.

107.    In response to the allegations in Paragraph 107, Defendants admit,

Page 20 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

deny and allege as follows: On or about July 15, 2016, Plaintiff submitted a written appeal letter to the Promotion and Tenure Review Appeal Committee ("PTRAC"), the process by which a faculty member may appeal a decision of the Provost to deny tenure or promotion. A decision to deny tenure or promotion may be appealed only on the following grounds: (1) whether the Provost was presented with errors of fact that materially affected his or her decision; (2) whether the Provost disregarded or overlooked material evidence that was provided to him or her; (3) whether material information was unavailable to reviewers through no fault of the candidate; and (4) whether the Provost's decision was arbitrary or capricious. Except as expressly admitted, Defendants deny the allegations in Paragraph 107.

108.    In response to the allegations in Paragraph 108, Defendants admit, deny and allege as follows: The contents of the Plaintiff's appeal letter to the PTRAC speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 108.

109.    In response to the allegations in Paragraph 109, Defendants admit, deny and allege as follows: The contents of the Plaintiff's appeal letter to the PTRAC speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 109.

110.    In response to the allegations in Paragraph 110, Defendants admit, deny and allege as follows: The contents of the Plaintiff's appeal letter to the PTRAC speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 110.

111.    In response to the allegations in Paragraph 111, Defendants admit, deny and allege as follows: The contents of the Plaintiff's appeal letter to the PTRAC

Page 21 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants deny the allegations contained in Paragraph 113.

114.    Defendants deny the allegations contained in Paragraph 114.

115.    In response to the allegations in Paragraph 115, Defendants admit, deny and allege as follows: The PTRAC found that it did not believe that the procedure in Plaintiff's tenure case was consistent with LCB policy or with the external reviewers' recommendations and found Plaintiff's appeal justified.  Except as expressly admitted, Defendants deny the allegations in Paragraph 115.

116.    In response to the allegations in Paragraph 116, Defendants admit, deny and allege as follows: On December 12, 2016, the Provost affirmed the original decision to deny tenure and promotion after receiving and carefully considering the PTRAC's report and re-analyzing the documentation leading to his original decision to deny tenure.  Except as expressly admitted, Defendants deny the allegations in Paragraph 116.

117.    In response to the allegations in Paragraph 117, Defendants admit, deny and allege as follows: On December 21, 2016, Plaintiff appealed the Provost's decision to deny promotion and indefinite tenure to the President.  Except as expressly admitted, Defendants deny the allegations in Paragraph 117.

118.    In response to the allegations in Paragraph 118, Defendants admit, deny and allege as follows: The University President did a thorough review of Plaintiff's tenure case and each step of the tenure process. The President determined that Plaintiff's tenure case was handled in a manner consistent with the University and LCB

Page 22 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

policies and procedures and affirmed the Provost's decision to deny promotion and indefinite tenure. Except as expressly admitted, Defendants deny the allegations in Paragraph 118.

119.    Defendants admit the allegations contained in Paragraph 119.

120.    In response to the allegations in Paragraph 120, Defendants admit, deny and allege as follows: Defendants admit that it received a tort claim notice dated May 26, 2017, the contents of which speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 120.

121.    In response to the allegations in Paragraph 121, Defendants admit, deny and allege as follows: The contents of Plaintiff's tort claim letter speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 121.

122.    In response to the allegations in Paragraph 122, Defendants admit, deny and allege as follows: The contents of Plaintiff's tort claim letter speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations contained in Paragraph 123.

124.    Defendants admit the allegations contained in Paragraph 124.

**Count 1**
**Discrimination on the Basis of Race and National Origin**
**Title VII, 42 U.S.C. 200e-2**
**Or. Rev. State. Ann. 659A.030 *et seq.***
**(Against Defendant University of Oregon)**

125.    In response to Paragraph 125, Defendants hereby incorporate their responses to all preceding paragraphs as though fully set forth herein.

126.    Paragraph 126 contains a legal conclusion to which no response is

Page 23 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

required.

127.    Paragraph 127 contains a legal conclusion to which no response is required.

128.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 128 but admit that Plaintiff represents that he is Asian American with a Chinese national origin.  Except as expressly admitted, Defendants deny the allegations in Paragraph 128.

129.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 129 but admit that Plaintiff represents that he is Asian American with a Chinese national origin.  In addition to Plaintiff, there were two other statistics professor in the OBA Department with a Chinese national origin when Plaintiff applied for tenure.  Except as expressly admitted, Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations contained in Paragraph 130.

131.    Defendants deny the allegations contained in Paragraph 131.

132.    Defendants deny the allegations contained in Paragraph 132.

133.    Defendants deny the allegations contained in Paragraph 133.

134.    Defendants deny the allegations contained in Paragraph 134.

135.    Defendants deny the allegations contained in Paragraph 135. To the extent that Paragraph 135 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

136.    Defendants deny the allegations contained in Paragraph 136.  To the extent that Paragraph 136 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff

Page 24 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

is entitled to any of the relief that he seeks.

137.    Defendants deny the allegations contained in Paragraph 137.  To the extent that Paragraph 137 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

**COUNT II**
**Retaliation**
**Title VII, 42 U.S.C. 2000e-3**
**Or. Rev. Stat. Ann. 659A.030 *et seq.***
**(Against Defendant University of Oregon)**

138.    In response to Paragraph 138, Defendants hereby incorporate their responses to all preceding paragraphs as though fully set forth herein.

139.    Defendants deny the allegations contained in Paragraph 139.  To the extent that Paragraph 139 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

140.    Defendants deny the allegations contained in Paragraph 140.  To the extent that Paragraph 140 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

141.    Defendants deny the allegations contained in Paragraph 141.  To the extent that Paragraph 141 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

142.    Defendants deny the allegations contained in Paragraph 142.  To the extent that Paragraph 142 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

143.    Defendants deny the allegations contained in Paragraph 143.  To

the extent that Paragraph 143 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

**COUNT III**
**Discrimination on the Basis of Race and National Origin under Color of Law**
**42 U.S.C. 1981 and 1983**
**(Against All Defendants)**

144.    In response to Paragraph 144, Defendants hereby incorporate their responses to all preceding paragraphs as though fully set forth herein.

145.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 145 but admit that Plaintiff represents that he is of the Asian race and of Chinese national origin.  Except as expressly admitted, Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations contained in Paragraph 146.  To the extent that Paragraph 146 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

147.    Defendants deny the allegations contained in Paragraph 147.

148.    Defendants deny the allegations contained in Paragraph 148.

149.    Defendants deny the allegations contained in Paragraph 149.

150.    Defendants deny the allegations contained in Paragraph 150.  To the extent that Paragraph 150 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

151.    Defendants deny the allegations contained in Paragraph 151.  To the extent that Paragraph 151 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

5509/15 00881832 V 1

152.    Defendants deny the allegations contained in Paragraph 152.  To the extent that Paragraph 152 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

153.    Defendants deny the allegations contained in Paragraph 153.  To the extent that Paragraph 153 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

154.    Defendants deny the allegations contained in Paragraph 154.  To the extent that Paragraph 154 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

**COUNT IV**
**Whistleblower Retaliation**
**ORS 659A.200 et seq.**
**(Against Defendant University of Oregon)**

155.    In response to Paragraph 155, Defendants hereby incorporate their responses to all preceding paragraphs as though fully set forth herein.

156.    In response to the allegations in Paragraph 156, Defendants admit, deny and allege as follows: Defendants admit that the UO received a tort claim notice dated May 26, 2017, the contents of which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations contained in Paragraph 157.  To the extent that Paragraph 157 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

158.    Defendants deny the allegations contained in Paragraph 158.

159.    Defendants deny the allegations contained in Paragraph 159.  To the extent that Paragraph 159 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

160.    Defendants deny the allegations contained in Paragraph 160.  To the extent that Paragraph 160 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.  Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

161.    Defendants deny the allegations contained in Paragraph 161.  To the extent that Paragraph 161 makes legal conclusions to which no response is necessary, Defendants further deny such allegations. Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

**COUNT V**
**Breach of Contract in Oregon Common Law**
**(Against Defendant University of Oregon)**

162.    In response to Paragraph 162, Defendants hereby incorporate their responses to all preceding paragraphs as though fully set forth herein.

163.    Defendants deny the allegations contained in Paragraph 163.  To the extent that Paragraph 163 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

164.    Defendants deny the allegations contained in Paragraph 164.  To the extent that Paragraph 164 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

165.    Defendants deny the allegations contained in Paragraph 165.  To the extent that Paragraph 165 makes legal conclusions to which no response is necessary, Defendants further deny such allegations.

Page 28 **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

166.    Defendants deny the allegations contained in Paragraph 166.  To the extent that Paragraph 166 makes legal conclusions to which no response is necessary, Defendants further deny such allegations. Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

167.    Defendants deny the allegations contained in Paragraph 167.  To the extent that Paragraph 167 makes legal conclusions to which no response is necessary, Defendants further deny such allegations. Defendants also deny that Plaintiff is entitled to any of the relief that he seeks.

168.    Defendants deny any allegations or conclusions of law set forth in Plaintiff's Prayer and further denies that he is entitled to any of the relief he seeks.

169.    Defendants further deny any allegations not expressly admitted in the Complaint and deny the entirety of the merits of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

170.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

171.    Defendants' actions with regard to Plaintiff were based on legitimate non-discriminatory factors, were taken in good faith, and would have taken the same actions regardless of Plaintiff's protected status or activities, if any.

### THIRD AFFIRMATIVE DEFENSE

172.    Some or all of Plaintiff's claims are barred, in whole or in part, by his failure to exhaust and/or satisfy all appropriate administrative and/or internal remedies and procedures before filing his Complaint or because they are based on

allegations not within the scope of a timely filed charged with the appropriate administrative agency.

## FOURTH AFFIRMATIVE DEFENSE

173.    Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by his employer.

## FIFTH AFFIRMATIVE DEFENSE

174.    Some or all of the damages claimed by plaintiff are not recoverable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

175.    Plaintiff's claims are barred to the extent that any allegations were not raised in a proper notice under the Oregon Tort Claims Act (OTCA), ORS 30.260 *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE

176.    Plaintiff has failed to mitigate his damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

177.    Plaintiff's damages, if any, are the result of his own actions and/or inactions.

## NINTH AFFIRMATIVE DEFENSE

178.    Plaintiff's claims for punitive damages are barred to the extent that an award of punitive damages would violate any provisions of the Oregon Constitution or the Constitution of the United States.

## TENTH AFFIRMATIVE DEFENSE

179.    Defendant Fang's conduct did not violate clearly established statutory or constitutional rights of Plaintiff and is therefore entitled to qualified

immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

180.    The Defendant University of Oregon has sovereign immunity against Plaintiff's claim brought under 42 U.S.C. § 1983.

## TWELFTH AFFIRMATIVE DEFENSE

181.    Defendants reserve the right to allege any further affirmative defenses that become apparent during the course of discovery.

WHEREFORE, Defendants seek judgment in their favor and against Plaintiff, that Plaintiff's claims be dismissed in their entirety, and that Defendants be awarded their attorney fees and costs and disbursements incurred in defending this action and for such other relief as the Court deems just and equitable.

DATED:  May 17, 2018.

BULLARD LAW

By s/Liani J. Reeves
   Liani J. Reeves, OSB No. 013904
   lreeves@bullardlaw.com
   Kalia Walker, OSB No. 154434
   kwalker@bullardlaw.com
   503-248-1134/Telephone
   503-224-8851/Facsimile
   Attorneys for Defendants
   University of Oregon and Yue Fang

5509/15 00881832 V 1

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018 I served the foregoing

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on:

> David Griggs
> Griggs Law Group PC
> 4900 SW Griffith Drive, Suite 165
> Beaverton, OR  97005
>
> Robert S. Oswald & Adam A Carter
> The Employment Group, P.C.
> 888 17th St. NW, 9th Floor
> Washington, DC 20006

☑     by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐     by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐     by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐     by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐     by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☐     by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

> s/Liani J. Reeves
> Liani J. Reeves, OSB No. 013904
> Attorneys for Defendants
> University of Oregon and Yue Fang

5509/15 00881832 V 1