**Liani J. Reeves, OSB No. 013904**
lreeves@bullardlaw.com
**Kalia J. Walker, OSB No. 154434**
kwalker@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

Attorneys for Defendants University of Oregon and Yue Fang

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **DR. YONGLI ZHANG,** | Case No. 6:18-cv-00232-TC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **UNIVERSITY OF OREGON, and YUE FANG,** | |
| Defendants. | |

## STIPULATION

One or more of the parties has requested the production of information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in the documents, interrogatory responses, responses to

Page 1    STIPULATED PROTECTIVE ORDER

requests for admission or deposition testimony.  This action concerns certain confidential student and faculty information.  The parties expect to exchange documents and information relating to that confidential student and faculty information.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.    Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp or watermark identifying it as

Page 2    STIPULATED PROTECTIVE ORDER

"Confidential," if practical to do so.

   4. If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

   5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.

Page 3 STIPULATED PROTECTIVE ORDER

Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.    "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.  Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.  In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.  Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d.  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or

Page 4    STIPULATED PROTECTIVE ORDER

the parties during the litigation of this action.

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.    Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall be given a copy of this order and informed by counsel that they must abide by its terms.

9.    Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

10.    If a party files a document or transcript designated as "Confidential" with the Court and fails to file in the manner described in paragraph 4, the party who has designated the document or transcript as "Confidential" shall notify the other party within three business days of the failure to file under seal. The parties shall confer about whether they can agree on the appropriate course to correct the failure before going to the Court to enforce this Order.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel

Page 5    STIPULATED PROTECTIVE ORDER

for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine

Page 6    STIPULATED PROTECTIVE ORDER

whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

14.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents and the University of Oregon may retain documents to the extent necessary to comply with its obligations under the Oregon Public Records Act.

15.    This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this

Page 7    STIPULATED PROTECTIVE ORDER

action after its conclusion for the purpose of enforcing the terms of this Protective

Order.

IT IS SO STIPULATED:

THE EMPLOYMENT LAW GROUP, PC          BULLARD LAW

By s/ Adam Carter                                          By s/ Liani J. Reeves
    Adam Augustine Carter                          Liani J. Reeves, OSB No. 013904
    acarter@employmentlawgroup.com          lreeves@bullardlaw.com
    R. Scott Oswald                                  Kalia J. Walker, OSB No. 154434
    soswald@employmentlawgroup.com          kwalker@bullardlaw.com
    Attorneys for Plaintiff                          Attorneys for Defendants

GRIGGS LAW GROUP PC

By s/ Adam Carter - for David Griggs
    David Griggs, OSB No. 982436
    david@griggslawpc.com
    Attorneys for Plaintiff

       The Court has reviewed the reasons offered in support of entry of this

Stipulated Protective Order and finds that there is good cause to protect the confidential

nature of certain information. Accordingly, the Court adopts the above Stipulated

Protective Order in this action.

       **IT IS SO ORDERED.**

       DATED: _____. 2018.


                                _____
                                Hon. Thomas Coffin
                                U.S. District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2018 I served the foregoing STIPULATED

PROTECTIVE ORDER on:

> David Griggs
> Griggs Law Group PC
> 4900 SW Griffith Drive, Suite 165
> Beaverton, OR  97005
>
> Adam Carter
> R. Scott Oswald
> The Employment Law Group, PC
> 888 17th St. NW, 9th Floor
> Washington D.C., DC 20006

☑      by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐      by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐      by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐      by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐      by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☐      by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/ Liani Reeves
Liani J. Reeves, OSB No. 013904
Kalia J. Walker, OSB No. 154434
Attorneys for Defendants
University of Oregon and Yue Fang

Page 1    CERTIFICATE OF SERVICE